IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GALE E. BRIGGS, JR., )
 )
      Plaintiff, )
 )
vs. ) Civil Action No. 10-102-E
 )
MICHAEL J. ASTRUE, )
COMMISSIONER OF SOCIAL SECURITY )
ADMINISTRATION, )
 )
      Defendant. )

O R D E R

AND NOW, this 3rd day of January, 2012, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., and denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan,

738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]

Plaintiff's primary argument is that the Administrative Law Judge ("ALJ") failed properly to consider the effects of his obesity in combination with his other impairments in determining whether their combined effects met or equaled a listing. Plaintiff argues that, contrary to Social Security Ruling ("SSR") 02-1p, 2002 WL 34686281 (S.S.A.), the ALJ failed to analyze whether "the combined effects of [his] obesity with his other impairments caused a greater limitation of function than would otherwise be expected without the obesity." Plaintiff's Brief in Support of Summary Judgment (Doc. No. 9) at 11.

Pursuant to SSR 02-1p, an ALJ is required to take a claimant's obesity into account when determining whether he or she is disabled. An ALJ "must meaningfully consider the effect of a claimant's obesity, individually and in combination with [his] impairments, on [his] workplace function at step three and at every subsequent step." Diaz v. Comm'r of Soc. Sec., 577 F.3d 500, 504 (3d Cir. 2009). The United States Court of Appeals for the Third Circuit, in Diaz, remanded because the ALJ completely failed to discuss the effects of the claimant's obesity at step three despite finding that it constituted a severe impairment. See id. at 504. The court explained that the ALJ should determine "whether, and to what extent, [a claimant's] obesity, in combination with [his other impairments], impacted [his] workplace performance." Id. at 505. It specifically noted, however, that remand might not have been necessary had there been "*any* discussion of the combined effect of [the claimant's] impairments." Id. at 504 (emphasis in original).

In the present case, the Court finds that the ALJ properly considered Plaintiff's obesity in combination with his other impairments at step three of his analysis. The ALJ found that Plaintiff had the severe impairments of obesity; related back, knee and ankle disorders; hypertension; and asthma. (R. 15). The ALJ explicitly discussed obesity and, although he did not expressly cite to SSR 02-1p, he clearly relied upon the Ruling, as he discussed the criteria set forth in the Ruling in his discussion as to whether any of Plaintiff's impairments met or equaled a listing. See Diaz, 577 F.3d at 504 (stating that the ALJ is not required to "employ particular 'magic' words" in analyzing the effects of obesity). The ALJ considered Plaintiff's obesity together with his asthma, hypertension, and related back, knee, and ankle disorders in reaching his conclusion that their combined effects did not satisfy the criteria for a listing. His explanation that Plaintiff was still able to ambulate effectively necessarily implies that he was considering whether Plaintiff satisfied the requirements for a musculoskeletal impairment listing. He also explicitly determined that Plaintiff's obesity did not cause or contribute to any pulmonary impairment that satisfied a respiratory listing. Furthermore, the ALJ went on to discuss whether Plaintiff's other impairments satisfied any musculoskeletal, respiratory, or cardiovascular listings, and provided a clear rationale for why they did not. (R. 16). At step four of the analysis, the ALJ

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 8) is DENIED and defendant's Motion for Summary Judgment (document No. 10) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record

---

considered Plaintiff's obesity in fashioning his residual functional capacity and provided a detailed analysis of the objective medical evidence of record. (R. 16-18).

    Additionally, the Court notes that the ALJ gave Plaintiff the benefit of the doubt when he restricted him to sedentary work. Both the state agency assessment and consultative physician assessment found that Plaintiff was able to perform light or medium work, respectively. The ALJ afforded these assessments some weight, to the extent that they were not inconsistent with the objective medical evidence, but found that they were an overestimation of Plaintiff's abilities to "perform sustained lifting and carrying in light of his obesity and the related symptoms of pain and fatigue." (R. 18).

    Thus, the Court finds that the ALJ properly considered Plaintiff's obesity in combination with his other impairments to determine that he was capable of performing sedentary work, and the record as a whole indicates that the ALJ's determination of non-disability is supported by substantial evidence.